The State v. Stubbs.

AFFIRMED.

THE STATE v. STUBBS.

1. **Criminal Law :** EVIDENCE. The testimony of a witness as to what may have been stated to him by the prosecuting witness, in identification of the place where the offense charged was alleged to have been committed, is not admissible.

*Appeal from Des Moines District Court.*

THURSDAY, OCTOBER 10.

THE indictment contains two counts. The first charges that the defendant and Jennie Quickbaum one Lena Schaffer, wilfully and without lawful authority, forcibly and secretly did confine and imprison. The second count charges that said defendants the said Lena Schaffer did forcibly seize, confine and kidnap.

There was a jury trial on the plea of not guilty, and the defendant, having been convicted, appeals.

*Poor & Millspaugh,* for appellants.

*J. F. McJunkin, Attorney General,* for the State.

SEEVERS, J.—The prosecuting witness testified that in the evening, about dark, she was seized by a man and woman,

1. CRIMINAL law: evidence. thrust into a wagon, and therein carried a comparatively short distance to a house, wherein she was confined in a closet until the next evening, when she made her escape. While so confined, and a short time before she escaped, she saw the woman, but she did not see any man, or other person than the woman, while she was confined in the house.

She was unable to identify, when on the stand as a witness, the defendant as the man who seized her. She identified the house in which she was confined, and described, to some extent, the room and closet.

There was evidence tending to show that the defendant, in connection with his co-defendant, occupied the house.

The court, as we think it was authorized in doing, instructed the jury if the defendant did not seize and carry the prosecuting witness to the place of confinement, yet if they found, beyond a reasonable doubt, he confined her in the house against her will, or aided or assisted in so doing, they should convict.

It will be readily seen that the house in which the prosecuting witness was confined became and was an exceedingly material inquiry, as her inability to identify the defendant as the man who seized and aided in putting her in the wagon rendered a conviction under the second count in the indictment impossible.

The prosecuting witness, when on the stand as a witness, called the house the "Charley Miller House," and she was taken there after her escape by John O. Smyth and others. Smyth, when on the stand as a witness, was asked by the district attorney: "Did she (Lena Schaffer) stop at any place that was familiar to her." To this question the defendant objected, but the objection was overruled "as to her pointing out the premises, but sustained as to what she said." Whereupon the State asked said witness the following question: "Just describe what the little girl did, where she went to, and what place she pointed out as a place she had seen before."

An objection to this question having been overruled, the witness answered: "She went up stairs—up to the second story—and went to a closet that was cut off from the corner of the room as the place where she was confined."

This evidence amounts to a declaration by the prosecuting witness that "here, in this closet, is where I was confined." She was not then under oath, and the evidence, if believed, identified the house beyond dispute. We feel constrained to say the foregoing testimony was hearsay, and inadmissible. The Attorney General justifies its admission on the ground that the prosecuting witness, "when on the witness stand, said she had showed these parties (Smyth and others) the rooms." We have looked in vain for any such evidence in the abstract. More than this, we have looked carefully through the transcript, and have likewise failed to find the claimed evidence there.

For the error in the admission of said evidence there must be a reversal.

REVERSED.